TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and Proposed Class Plaintiffs*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:    (718) 762-1342

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

JOSE ALVINO REA REA,
PEDRO ALTAMIRANO, and
LUIS ENRIQUE RIVERA LORENZO
*on behalf of themselves and others similarly situated*
                                                    Plaintiffs,

v.

JUST SALAD 600 THIRD LLC
        d/b/a Just Salad Murray Hill;
JUST SALAD GP LLC
        d/b/a Just Salad Fashion District;
JUST SALAD 134 37TH ST. LLC
        d/b/a Just Salad Fashion District;
JUST SALAD PARTNERS LLC
        d/b/a Just Salad Financial District;
JUST SALAD 315 PAS LLC
        d/b/a Just Salad 315 Park Ave South;
JUST SALAD 320 PARK AVE LLC
        d/b/a Just Salad Park Avenue;
JUST SALAD 30 ROCK LLC
        d/b/a Just Salad 30 Rock;
JUST SALAD 706 6TH AVE LLC
        d/b/a Just Salad Chelsea;
JUST SALAD WWP LLC
        d/b/a Just Salad World Wide Plaza;
JUST SALAD 663 LEX LLC
        d/b/a Just Salad Lexington;
JUST SALAD PARK SLOPE LLC
        d/b/a Just Salad Park Slope;
JUST SALAD 8TH ST LLC
        d/b/a Just Salad 8th Street;
JUST SALAD 1471 3RD AVE LLC
        d/b/a Just Salad Upper East Side;
JUST SALAD 1ST AVENUE LLC
        d/b/a Just Salad 1st Avenue and 70th;

**Case No: 15-cv-10183**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

JUST SALAD HUDSON SQUARE LLC
    d/b/a Just Salad Hudson Square;
JUST SALAD STATE STREET LLC
    d/b/a Just Salad Downtown Brooklyn;
JUST SALAD HERALD SQUARE LLC
    d/b/a Just Salad Macy's Herald Square;
JUST SALAD 90 BROAD STREET LLC
    d/b/a Just Salad 90 Broad Street;
JUST SALAD 2056 BROADWAY LLC
    d/b/a Just Salad Upper West Side;
JUST SALAD 140 8TH AVE LLC
    d/b/a Just Salad 140 8th Avenue;
JUST SALAD 233 BROADWAY LLC
    d/b/a Just Salad 233 Broadway;
JUST SALAD WOODBURY LLC
    d/b/a Just Salad Woodbury;
NICK KENNER, ROB CRESPI, and
LAURA PENSIERO

                                  Defendants.
------------------------------------------------------------x

       Plaintiffs JOSE REA REA ALVINO, PEDRO ALTAMIRANO, and LUIS ENRIQUE

RIVERA LORENZO (hereafter referred to as "Plaintiffs"), on behalf of themselves and other

similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint

against Defendants JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill; JUST SALAD

GP LLC d/b/a Just Salad Fashion District; JUST SALAD PARTNERS LLC d/b/a Just Salad

Financial District; JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Ave South; JUST

SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue; JUST SALAD 134 37TH ST. LLC

d/b/a Just Salad Fashion District; JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock; JUST

SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea; JUST SALAD WWP LLC d/b/a Just

Salad World Wide Plaza; JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington; JUST

SALAD PARK SLOPE LLC d/b/a Just Salad Park Slope; JUST SALAD 8TH ST LLC d/b/a Just

Salad 8th Street; JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side; JUST

SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th; JUST SALAD HUDSON

SQUARE LLC d/b/a Just Salad Hudson Square; JUST SALAD STATE STREET LLC d/b/a Just

Salad Downtown Brooklyn; JUST SALAD HERALD SQUARE LLC d/b/a Just Salad Macy's

Herald Square; JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street;

JUST SALAD 2056 BROADWAY LLC d/b/a Just Salad Upper West Side; JUST SALAD 140

8TH AVE LLC d/b/a Just Salad 140 8th Avenue; JUST SALAD 233 BROADWAY LLC  d/b/a

Just Salad 233 Broadway; JUST SALAD WOODBURY LLC d/b/a Just Salad Woodbury and

NICK KENNER, ROB CRESPI, and LAURA PENSIERO and allege as follows:

## <u>INTRODUCTION</u>

1.  This action is brought by Plaintiffs, on behalf of themselves as well as other similarly
    situated employees against Defendants for alleged violations of the Federal Labor Standards
    Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising
    from Defendants' various willful and unlawful employment policies, patterns and/or
    practices.

2.  Defendants have unlawfully failed to pay wages free and clear and also have unlawfully
    reduced wages that they paid to Plaintiff through paycheck deductions and by requiring
    Plaintiffs to bear Defendants' business expenses.

3.  As a result of the failure to pay wages free and clear, kickbacks, and illegal deductions,
    Defendants have willfully and intentionally committed widespread violations of the FLSA
    and NYLL.

4.  Upon information and belief, Defendants have further willfully and intentionally
    committed widespread violations of the FLSA and NYLL by engaging in a pattern and
    practice of failing to pay its employees, including Plaintiff, minimum wage and overtime
    compensation for all hours worked over forty (40) each workweek.

5. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

6. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

7. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:  (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor

Law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and

(c), because Defendants conduct business in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

## PLAINTIFFS

10. Plaintiff JOSE ALVINO REA REA ("ALVINO REA REA") was employed by JUST

SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New

York, NY 10016; JUST SALAD GP LLC d/b/a Just Salad Fashion District located at 134 W

37th Street, New York, NY 10018; JUST SALAD PARTNERS LLC d/b/a Just Salad

Financial District located at 100 Maiden Lane, New York, NY 10038; and JUST SALAD

315 PAS LLC located at 315 Park Avenue South, New York, NY 10010 as a deliveryman.

11. Plaintiff PEDRO ALTAMIRANO ("ALTAMIRANO") was employed by JUST SALAD

600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY

10016; and JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue, located at

320 Park Avenue, New York, NY 10022 as a deliveryman.

12. Plaintiff LUIS ENRIQUE RIVERA LORENZO ("RIVERA LORENZO") was employed by

JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue,

New York, NY 10016 as a deliveryman.

## DEFENDANTS

*Corporate Defendants*

13. Defendant JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill is a domestic

business corporation organized under the laws of the State of New York with a principal

address at 600 3rd Avenue, New York, NY 10016.

14. Defendant JUST SALAD GP LLC d/b/a Just Salad Fashion District is a domestic business corporation organized under the laws of the State of New York with a principal address at 134 W 37th Street, New York, NY 10018.

15. Defendant JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District is a domestic business corporation organized under the laws of the State of New York with a principal address at 134 W 37th Street, New York, NY 10018.

16. Defendant JUST SALAD PARTNERS LLC d/b/a Just Salad Financial District is a domestic business corporation organized under the laws of the State of New York with a principal address at 100 Maiden Lane, New York, NY 10038.

17. Defendant Just Salad JUST SALAD 315 PAS LLC d/b/a Just Salad Park Avenue South is a domestic business corporation organized under the laws of the State of New York with a principal address at 315 Park Avenue South, New York, NY 10010.

18. Defendant JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue is a domestic business corporation organized under the laws of the State of New York with a principal address at 320 Park Avenue, New York, NY 10022.

19. Defendant JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock is a domestic business corporation organized under the laws of the State of New York with a principal address at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112.

20. Defendant JUST SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea is a domestic business corporation organized under the laws of the State of New York with a principal address at 706 6th Ave, New York, NY 10010.

21. Defendant JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza is a domestic business corporation organized under the laws of the State of New York with a principal

address at 321 W 49th Street, New York, NY 10019.

22. Defendant JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington is a domestic business corporation organized under the laws of the State of New York with a principal address at 663 Lexington Avenue, New York, NY 10022.

23. Defendant JUST SALAD PARK SLOPE LLC d/b/a Just Salad Park Slope is a domestic business corporation organized under the laws of the State of New York with a principal address at 252 7th Avenue, Brooklyn, NY 11215.

24. Defendant JUST SALAD 8TH ST LLC d/b/a Just Salad 8th Street is a domestic business corporation organized under the laws of the State of New York with a principal address at 53 E 8th Street, New York, NY 10003.

25. Defendant JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side is a domestic business corporation organized under the laws of the State of New York with a principal address at 1471 3rd Avenue, New York, NY 10028.

26. Defendant JUST SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th is a domestic business corporation organized under the laws of the State of New York with a principal address at 1306 First Avenue, New York, NY 10021.

27. Defendant JUST SALAD HUDSON SQUARE LLC d/b/a Just Salad Hudson Square is a domestic business corporation organized under the laws of the State of New York with a principal address at 325 Hudson Street, New York, NY 10013.

28. Defendant JUST SALAD STATE STREET LLC d/b/a Just Salad Downtown Brooklyn is a domestic business corporation organized under the laws of the State of New York with a principal address at 210 State Street, Brooklyn, NY 11201.

29. Defendant JUST SALAD HERALD SQUARE LLC d/b/a Just Salad Macy's Herald Square

is a domestic business corporation organized under the laws of the State of New York with a principal address at 151 West 34th Street, New York, NY 10001.

30. Defendant JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street is a domestic business corporation organized under the laws of the State of New York with a principal address at 90 Broad Street, New York, NY 10004.

31. Defendant JUST SALAD 2056 BROADWAY LLC d/b/a Just Salad Upper West Side is a domestic business corporation organized under the laws of the State of New York with a principal address at 2056 Broadway, New York, NY 10023.

32. Defendant JUST SALAD 140 8TH AVE LLC d/b/a Just Salad 140 8th Avenue is a domestic business corporation organized under the laws of the State of New York with a principal address at 140 8th Avenue, New York, NY 10011.

33. Defendant JUST SALAD 233 BROADWAY LLC d/b/a Just Salad 233 Broadway is a domestic business corporation organized under the laws of the State of New York with a principal address at 233 Broadway, Woolworth Building, New York, NY 10007.

34. Defendant JUST SALAD WOODBURY LLC d/b/a Just Salad Woodbury is a domestic business corporation organized under the laws of the State of New York with a principal address at 498 Red Apple Ct, Woodbury, NY 10917.

35. Upon information and belief, the Defendant Corporations, are all members of JUST SALAD, a "healthy fast food" chain store that "focuses on organically-grown, locally-sourced and nutritionally-balanced recipes, all curated by a registered dietitian" (See Exhibit 07).

36. JUST SALAD produces, purchases and handles goods moved in interstate commerce, having purchased its grape tomatoes from South Abington Pennsylvania, its Portobello mushrooms

from Kennett Square, Pennsylvania, its cucumber, red cabbage, beets, grape tomatoes, and green peppers in "multiple cities and farms in NJ", its jalapeños in Vineland, NJ, its chicken in Maryland, its kale in Massachusetts, and its pepper jack, white cheddar and cabot creamery in Waitsfield, Vermont " (See Exhibit 07).

37. At all times relevant herein, Defendant Corporations which all do business as JUST SALAD in New York City, was, and continues to be, single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

38. JUST SALAD is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

39. JUST SALAD has twenty (20) active stores in New York City (See Exhibit 08):

    a. 134 W 37th Street, New York, NY 10018;

    b. 100 Maiden Lane, New York, NY 10038;

    c. 315 Park Avenue South, New York, NY 10010;

    d. 320 Park Avenue, New York, NY 10022;

    e. 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    f. 706 6th Ave, New York, NY 10010;

    g. 321 W 49th Street, New York, NY 10019;

    h. 663 Lexington Avenue, New York, NY 10022;

    i. 252 7th Avenue, New York, NY 10001;

    j. 53 E 8th Street, New York, NY 10003;

    k. 1471 3rd Avenue, New York, NY 10028;

l.    1306 First Avenue, New York, NY 10021;

m.    325 Hudson Street, New York, NY 10013;

n.    210 State Street, Brooklyn, NY 11201;

o.    151 West 34th Street, New York, NY 10001;

p.    90 Broad Street, New York, NY 10004;

q.    2056 Broadway, New York, NY 10023;

r.    140 8th Avenue, New York, NY 10011;

s.    233 Broadway, Woolworth Building, New York, NY 10007; and

t.    498 Red Apple Ct, Woodbury, NY 10917.

40. All the aforementioned JUST SALAD locations are listed on Just Salad's website (at

http://justsalad.com/locations/).

41. JUST SALAD has two stores in Chicago, two stores in Hong Kong, and three stores in the

United Arab Emirates. These stores are listed separately on Just Salad's website.

42. Upon information and belief, Defendant Corporations, are joint employers of Plaintiff and

constitute an enterprise as the term is defined by 29 USC §203(r) insofar as:

a.    Corporate Defendant doing business as JUST SALAD share employees

(including Plaintiffs), assigning employees to different locations based on

necessity;

b.    JUST SALAD stores share ingredients;

c.    JUST SALAD managers require employees, including Plaintiffs, to transport

ingredients between the stores;

d.    JUST SALAD employees can request transfers to different JUST SALAD stores

in New York City;

e.  JUST SALAD managers coordinate the requirement that some employees, including Plaintiffs, provide two social security numbers so as to mitigate labor law liability;

f.  Upon information and belief, JUST SALAD New York City stores are owned at least in part by partners NICK KENNER, ROB CRESPI, and LAURA PENSIERO;

g.  Upon information and belief, JUST SALAD is otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose.

*Owner/ Operator Defendants*

43. NICK KENNER is known as the "owner" of JUST SALAD by Plaintiffs.

44. Upon personal knowledge of Plaintiffs, NICK KENNER is in charge of all areas of the the JUST SALAD store chain, including the hiring, training and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JUST SALAD.

45. NICK KENNER actually fired JUST SALAD employees, including a manager without warning, as reported in the Wall Street Journal article on May 6, 2010 named "Tough Love Isn't Easy to Give" (see Exhibit 11).

46. NICK KENNER's office is at JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, at 663 Lexington Avenue, New York, NY 10022.

47. JUST SALAD managers frequently directed Plaintiffs JOSE ALVINO REA REA and PEDRO ALTAMIRANO to bring cash to NICK KENNER during their work hours.

48. Upon personal knowledge of Plaintiffs, "owner" NICK KENNER acted intentionally and

maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JUST SALAD.

49. Upon information and belief, NICK KENNER, ROB CRESPI and LAURA PENSIERO are partners who co-own JUST SALAD.

50. Upon information and belief, ROB CRESPI is in charge of all areas of the the JUST SALAD store chain, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JUST SALAD.

51. Upon information and belief, ROB CRESPI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JUST SALAD.

52. Upon information and belief, LAURA PENSIERO is in charge of all areas of the the JUST SALAD store chain, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JUST SALAD.

53. Upon information and belief, LAURA PENSIERO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JUST SALAD.

54. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

55. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

56. Pursuant to NYCRR Part 146-2.2 and 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

57. Further, Plaintiffs were required to commit part of their work day in non-tipped work.

58. For instance, Plaintiffs are required to get delivery bicycles ready, unpack boxes of utensils and sodas, stock utensils and sodas, lift heavy boxes and move them to the second floor, clean glass, mop the floor, cut cardboard, change kitchen oil, take out the restaurant garbage, moving it from the basement and out of the sanitary, moving supplies between various Just Salad locations, and cutting and cooking broccoli, asparagus, beats, brussel sprouts, carrots, and four season beans.

59. Upon information and belief, this non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

60. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

61. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

62. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

63. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

64. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

65. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

66. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

67. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff JOSE ALVINO REA REA

68. From on or about July 2008 to July 27, 2015, Plaintiff JOSE ALVINO REA REA was employed by Owner/Operator Defendant NICK KENNER to work as a deliveryman for JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016; JUST SALAD GP LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018; JUST SALAD PARTNERS LLC d/b/a Just Salad Financial District located at 100 Maiden Lane, New York, NY 10038; and JUST SALAD 315 PAS LLC located at 315 Park Avenue South, New York, NY 10010.

14

69. Plaintiff JOSE ALVINO REA REA worked under two names: Alvino Rea and Carlos Rea, as requested by the Just Salad manager at the time.

70. Upon information and belief, though subsequent Just Salad Managers are aware that JOSE ALVINO REA REA worked under two different names, they continued to issue JOSE ALVINO REA REA two separate paystubs to mitigate their labor violation liability.

71. Upon information and belief, all managers who worked with JOSE ALVINO REA REA knew that JOSE ALVINO REA REA worked under two names. They include, but are not limited to: Francisco, who paid all the checks, Mina, Alice, Pamela, Danielle, Ahmed Rawan and Mike, Derek Moore (600 Third Avenue), and Elizabeth (assistant manager/ supervisor).

72. Upon information and belief, Defendants intentionally failed to keep full and accurate records in order to mitigate liability for their wage violations.

73. Upon information and belief, Defendants never furnished any notice of their use of tip credit.

74. At all relevant times, though JOSE ALVINO REA REA was hired as a deliveryman, he had to prepare food, clean the floor, carry and organize the boxes, putting the juices in the soda machine, organize the delivery containers, plastic bags, brown bags, cutting meat and vegetable for Just Salad stores when he was not delivering food.

75. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

76. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

77. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

78. At all relevant times, Plaintiff was required to clock in and clock out.

79. Upon information and belief, Defendant has in their possession Plaintiff's detailed time records, though such time records are frequently reduced by managers, such as by managers like Elizabeth at the 600 Third Avenue Just Salad store.

80. From on or about July 1, 2008 to October 30, 2010, Plaintiff worked for JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016 from between 08:00 and 09:00 to 22:00 for around thirteen and a half (13.5) hours a day Mondays through Sundays, for ninety two and a half (92.5) hours each week.

81. From November 1, 2010 to around April 20, 2015, Plaintiff worked on:

   a.   Mondays through Fridays in the morning from between 08:30 and 09:00 to 15:00 for six and a quarter (6.25) hours for JUST SALAD GP LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018 and JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016 in the afternoon from 16:00 to 22:00 for six (6) hours, for twelve and a quarter (12.25) hours each day;

   a.   Saturdays from 09:00 to 21:00 for twelve (12) hours with no break;

   b.   Sundays from 09:00 to 22:00 for thirteen (13) hours with no break (Plaintiff would open the store on this day, and work with no assistants.)

82. During this time, Plaintiff was frequently sent by Manager to the nearby Chase Bank from the 134 W 37th Street, New York, NY 10018 to pick up change for NICK KENNER.

83. As the Just Salad Store at 100 Maiden Lane, New York, NY 10038 is very close in location

to JUST SALAD GP LLC d/b/a Just Salad Fashion District and JUST SALAD 600 THIRD

LLC d/b/a Just Salad Murray Hill, Plaintiff was also directed by Just Salad Managers to

work for JUST SALAD PARTNERS LLC d/b/a Just Salad Financial District located at 100

Maiden Lane, New York, NY 10038.

84. From on or about April 20, 2015 to July 27, 2015, Plaintiff was employed by JUST SALAD

315 PAS LLC located at 315 Park Avenue South, New York, NY 10010.

85. At all relevant times, Plaintiff was paid roughly 40 hours per week under the name of Carlos

Rea and 20 hours per week under the name of Alvino Rea from Just Salad 600 Third LLC

and roughly 20 hours a week from Just Salad GP LLC.

86. During the first few years working for Defendants, Plaintiff was not given a lunch break.

Thus, Plaintiff had to eat lunch while on duty or not eat at all.

87. Plaintiff did not have a lunch break on Saturdays or Sundays.

88. Plaintiff was allowed to leave Defendants' restaurant for his lunch break. However, Plaintiff

was forced to eat outside if he brought food that was not purchased at Defendants'

restaurant, even when temperatures were below zero.

89. Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the

minimum wage, and he was not paid overtime pay for overtime work.

90. Furthermore, Defendants never informed Plaintiff that there were taking tip credit towards

the minimum wage.

91. Upon information and belief, this non-tipped work exceeded two hours or twenty percent

(20%) of the Plaintiffs' workday.

92. Plaintiffs' and other JUST SALAD deliverymen's tips are recorded by the computer system.

93. If the cash plus tips falls short of the number recorded by the computer system, all

deliverymen have to pitch in through payroll deductions on the next paycheck.

94. Upon information or belief, the ceiling at Just Salad 600 Third LLC collapsed while Plaintiff was working.

95. As a result of the ceiling collapse, Plaintiff was sent home early having worked for approximately three hours.

96. Plaintiff was never paid for these three hours of work.

97. Furthermore, Plaintiff was not paid for his last day of work despite working for approximately six hours.

98. Upon information and belief, Defendants would deduct money from Plaintiff and other deliverymen's salaries without notice.

99. Upon information and belief, at time of hire, Plaintiff was promised reimbursement for the cost of the bicycle he would use for deliveries as well as for bicycle maintenance.

100. Throughout Plaintiff's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

101. Upon information and belief, Plaintiff's delivery bicycle cost around three hundred (300) dollars and had a one year life span due to heavy use on City streets.

102. Upon information and belief, the bicycle's maintenance costs were around two hundred and seventy dollars ($270) per year.

103. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business.

104. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

*Plaintiff PEDRO ALTAMIRANO*

105. From on or about March 14, 2011 to July 8, 2015, Plaintiff PEDRO ALTAMIRANO was employed by Owner/Operator Defendant NICK KENNER to work as a deliveryman for JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016; and JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue, located at 320 Park Avenue, New York, NY 10022.

106. Plaintiff PEDRO ALTAMIRANO was assigned to work at two (2) JUST SALAD stores but was issued two (2) paystubs each week.

107. Upon information and belief, though JUST SALAD managers are aware that PEDRO ALTAMIRANO worked for two (2) JUST SALAD store, they continued to issue PEDRO ALTAMIRANO two (2) separate paystubs to mitigate their labor violation liability.

108. Upon information and belief, Defendants intentionally failed to keep full and accurate records in order to mitigate liability for their wage violations.

109. Upon information and belief, Defendants never furnished any notice of their use of tip credit.

110. At all relevant times, though PEDRO ALTAMIRANO was hired as a deliveryman, he had to prepare food, mop the floor, carry and organize the boxes, putting the sodas in the fridge, put juices (Snapple) in the soda machine, organize the delivery containers, plastic bags, brown bags, cutting meat and vegetable for Just Salad stores when he was not delivering food.

111. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

112. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for

all hours worked over forty (40) in a given workweek.

113.   While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

114.   At all relevant times, Plaintiff was required to clock in and clock out.

115.   Upon information and belief, Defendant has in their possession Plaintiff's detailed time records, though such time records are frequently reduced by managers in their computer.

116.      Plaintiff's typical work schedule on Mondays and Thursdays ran from 10:00 to 14:00 at JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue for four (4) hours, then from 17:00 to 20:30 at JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill for three and a half (3.5) hours a day.

117.      Plaintiff's typical work schedule on Tuesdays and Wednesdays ran from 10:00 to 20:30 at JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue for ten and a half (10.5) hours a day.

118.      Plaintiff's typical work schedule on Fridays ran from 10:00 to 14:00 at JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue for four (4.0) hours a day.

119.      At all relevant times, Plaintiff typically worked two (2) weekdays at JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue.

120.      At all relevant times, Plaintiff typically worked three (3) weekdays at JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill.

121.      At all relevant times, Plaintiff's typical workweek consisted of five (5) weekdays between JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue and JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill.

122.      From March 20, 2011 to September 25, 2011, Plaintiff worked at JUST SALAD

600 THIRD LLC d/b/a Just Salad Murray Hill anywhere between sixteen (16) and twenty-nine (29) hours per workweek; From September 26, 2011 to October 23, 201, Plaintiff worked at JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill anywhere between four (4) and (9) hours per workweek; From October 24, 2011 to November 24, 2013, Plaintiff worked on average twenty-five (25) hours per workweek.

123.    At all relevant times, Plaintiff was paid $6.00 per hour by JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill.

124.    At all relevant times, Plaintiff was paid $5.95 per hour by JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue.

125.    Plaintiff was not given a fixed time for lunch or dinner.

126.    Plaintiff had to eat his meal between shifts Mondays and Thursdays.

127.    Plaintiff had to eat between deliveries Tuesdays and Wednesdays.

128.    Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

129.    Defendants never informed Plaintiff that there were taking tip credit towards the minimum wage.

130.    Further, Plaintiff had to mop the floor, put sodas in the fridge, and prepare food.

131.    Twice each month, Plaintiff bring sixty dollars ($60) in cash to NICK KENNER.

132.    Upon information and belief, this non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

133.    Further, JUST SALAD managers have contaminated the tip pool.

134.    Between 2013 and 2014, at the Park Avenue store, Manager Carolina and Mike have contaminated the tip pool, discounting roughly one hundred dollars ($100) for

themselves. Each day, Manager Carolina and Mike would take roughly twenty dollars ($20) per day.

135.     JUST SALAD managers also engaged in unlawful payroll deductions under the FLSA.

136.     For instance, when customers do not pay for their delivery orders, JUST SALAD Managers deduct the delivery total from JUST SALAD deliverymen's paychecks.

137.     If customers pay for their delivery order by credit card, but JUST SALAD classifies the order as a cash order, JUST SALAD Managers also deduct the delivery total from JUST SALAD deliverymen's paychecks.

138.     Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

139.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

140.   Upon information and belief, the electric delivery bicycle cost around one thousand four hundred fifty dollars ($1450) and has a two year life span.

141.   Upon information and belief, the electric delivery bicycle battery cost around four hundred and fifty dollars ($450) and has a six month life span.

142.   The maintenance and accessories cost of a similar delivery bicycle is around five hundred to six hundred dollars ($500-600) per year.

143.     Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business. Defendants also required Plaintiff to maintain the vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle

according to state and federal labor laws.

### Plaintiff LUIS ENRIQUE RIVERA LORENZO

144.   From on or about July 2008 to September 30, 2011, Plaintiff LUIS ENRIQUE RIVERA

LORENZO was employed by Owner/Operator Defendant Qun Lin to work as a deliveryman

for LEMON GREEN CORP d/b/a LONG GRAIN located at 2534 BROADWAY, NEW

YORK, NY 10025.

145.   At all relevant times, Plaintiff's regular work schedule ran from 11:00 to 23:00 for

twelve (12) hours a day Monday through Thursday, for four (4) weekdays and forty eight

(48) hours a week, from 11:00-24:00 on Fridays and Saturdays, for two (2) weekdays and

twenty six (26) hours a week, and from 11:00 to 23:00 on Sundays, for twelve (12) hours

each week.

146.   At all relevant times, Plaintiff worked around eighty six (86) hours each week.

147.   At all relevant times, Plaintiff was paid a flat compensation of five hundred dollars

($500) every half a month.

148.   Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in

five (5) to ten (10) minutes while on duty. If a delivery order comes in, his meal period ends

and he goes to delivery.

149.   Plaintiff was also not informed of his hourly pay rate or any tip deductions toward

the minimum wage, and he was not paid overtime pay for overtime work.

150.   Defendants never informed Plaintiff that there were taking tip credit towards the

minimum wage.

151.   Further, Plaintiff has to mop glass, mop the floor, cut the paper board for the

delivery bags, change new oil, and take care of the restaurant garbage, moving it from the

basement and out of the sanitary, do sanitation, and cut four season beans for restaurant customers.

152.     Upon information and belief, this non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

153.     Further, JUST SALAD managers contaminated the tip pool.

154.     Specifically, in 2012, 2013 and 2014, managers contaminated the tip pool two (2) times per week, taking five dollars ($5) per deliverymen.

155.     Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

156.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

157.   Upon information and belief, the electric delivery bicycle cost around one thousand four hundred fifty dollars ($1450) and has a two year life span.

158.   Upon information and belief, the electric delivery bicycle battery cost around four hundred and fifty dollars ($450) and has a six month life span.

159.   The maintenance and accessories cost of a similar delivery bicycle is around five hundred to six hundred dollars ($500-600) per year.

160.     Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business. Defendants also required Plaintiff to maintain the vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

## COLLECTIVE ACTION ALLEGATIONS

161.   Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

162.   Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

163.   All said persons, including Plaintiffs, are referred to herein as the "Class."

164.   The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

165.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

166.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.   Whether Defendants maintained  policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.   Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

### Typicality

167.   Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

168.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

### Superiority

169.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

170.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [FLSA Unlawful Kickbacks
### 29 U.S.C. 201 et seq.; 29 CFR 531.35]

171.   Plaintiffs repeat, re-allege and incorporate all allegations in all preceding paragraphs as if fully herein.

172.   Throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of FLSA and the supporting regulations of the U.S. Department of Labor. Specifically, Defendants required Plaintiff to purchase delivery vehicles, and made deductions for unpaid cash orders, misclassified cash orders and contaminated the tip pool.

173.   This kickback brings Plaintiffs' already subpar hourly minimum wage further below the hourly federal minimum wage.

174.   Plaintiffs seek and are entitled to recover damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, together with such other relief as this Court deems just and proper.

### COUNT II.
### [NYLL Unlawful Deductions,
### NYLL 193 & 196(d)]

175.   Plaintiffs repeat, re-allege and incorporate all allegations in all preceding paragraphs as if fully herein.

176.   Throughout the period covered by the applicable statute of limitations, Defendants knowingly retained portions of gratuities received by Plaintiffs in violation of the NYLL and the supporting regulations of the New York State Department of Labor.

177.   In addition, throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of New York Labor Law. Specifically, Defendants required Plaintiff to purchase delivery vehicles, and made deductions for unpaid cash orders, misclassified cash orders and contaminated the tip pool.

178.   This kickback brings Plaintiffs' already subpar hourly minimum wage further below the hourly federal minimum wage.

179.   This kickback brings Plaintiffs' hourly-equivalent wage below the hourly state minimum wage.

180.   Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III.

### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

181.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

182.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

183.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

184.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum

wage when they knew or should have known such was due and that failing to do so would

financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

185.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

186.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of New

York Labor Law §§2 and 651.

187.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

minimum wage to Plaintiffs, and the collective action members, for some or all of the hours

they worked.

188.   Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class

Members' rights by failing to pay him minimum wages in the lawful amount for hours

worked.

189.   An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of

the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%)

after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT V.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

190.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

191.   The FLSA provides that no employer engaged in commerce shall employ a covered

employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and

one-half times the regular rate at which he or she is employed, or one and one-half times the

minimum wage, whichever is greater. 29 USC §207(a).

192.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207

shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

193.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated

the FLSA.

194.   At all relevant times, Defendants had, and continue to have, a policy of practice of

refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs

and Collective Action Members for all hours worked in excess of forty (40) hours per

workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*,

including 29 U.S.C. §§207(a)(1) and 215(a).

195.   The FLSA and supporting regulations required employers to notify employees of

employment law requires employers to notify employment law requirements. 29 C.F.R.

§516.4.

196.   Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements

of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA

Collectives' labor.

197.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and Collective Class Members the statutory overtime

rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure

Plaintiffs and Collective Action members.

### COUNT VI.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

198.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

199.   An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty five percent (25%)

before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention

Act, and interest.

200.   At all relevant times, Defendants had a policy and practice of refusing to pay the

overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff

and the class are entitled to.

201.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

202.   Defendants' failure to pay Plaintiffs were not in good faith.

### COUNT VII.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

203.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

204.   The NYLL requires employers to pay an extra hour's pay for every day that an employee

works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et*

*seq.*, and New York State Department of Labor regulations §146-1.6.

205.   Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

**COUNT VIII.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and Rule 23 Class]**

206.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

207.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL§ 162.

208.   Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

209.   Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

210.   Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

**COUNT IX.**
**[Violation of New York Labor Law—Record-Keeping Requirements**
**Brought on behalf of Plaintiff and Rule 23 Class]**

211.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

212.   Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

213.   In fact, Defendants required Plaintiffs and similarly situated employee to sign paper stating false hours worked.

214.   As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

215.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiffs' labor.

216.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT X.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

217.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

218.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

219.   Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

220.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

221.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT XI.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

222.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

223.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

224.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

225.   Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

**COUNT XII.**
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of**
**Bicycle/ Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance**
**and Repairs]**

226.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

227.   Throughout the relevant period, Defendants required their deliverymen to bear all of the

"out-of-pocket" costs associated with their vehicles, including the purchase, maintenance,

repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

228.   Based on their personal experience and available information, Plaintiffs can document

actual "out-of-pocket" vehicle related expenses of their delivery vehicle.

229.   The conduct of Defendants, and the course of Defendant's conduct between the parties,

evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

230.   Plaintiffs purchased, maintained and repaired the vehicle at their own expense.

231.   Plaintiffs performed these deliveries for the sole benefit of the Defendants.

232.   Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of

gasoline and/or the maintenance of the vehicle.

233.   As a result of the afore-alleged conduct of the parties, an implied contract arose between

them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase

and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

234.   Defendants never compensated Plaintiff for any expenses incurred from the purchase and

maintenance of the electric bicycles, and the purchase of batteries.  As a result, Defendants

breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under

the afore-alleged facts.

235.   Defendants owe Plaintiffs their overdue costs of delivery vehicles, cost of batter change,

if applicable, and maintenance of the bicycle.

## COUNT XIII.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

236. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

237. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

238. Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XIV.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 Brought on behalf of the Plaintiff]

239. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

240. NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

241. Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

242.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (<u>See</u> Exhibit 5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)   Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)   Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)   Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
   December 15, 2015

        TROY LAW, PLLC
        *Attorneys for the Plaintiffs, proposed FLSA*
        *Collective and Proposed Class Plaintiffs*


          /s/ John Troy
        John Troy (JT0481)
        41-25 Kissena Boulevard Suite 119
        Flushing, NY 11355
        Tel: (718) 762-1324
        Fax: (718) 762-1342
        Email: johntroy@troypllc.com